IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| CORWIN DALLAS FOUR STAR,<br><br>Plaintiff,<br><br>vs.<br><br>SEAN RED BOY, et al.,<br><br>Defendants. | CV 15-0021-GF-BMM-JTJ<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff Corwin Four Star has filed a Motion to Proceed in Forma Pauperis (Doc. 1) and proposed Complaint (Doc. 2). The Motion to Proceed in Forma Pauperis will be granted, but the Complaint should be dismissed.

## I. MOTION TO PROCEED IN FORMA PAUPERIS

Mr. Four Star has filed a Motion to Proceed in Forma Pauperis and submitted an account statement sufficient to make the showing required by 28 U.S.C. §1915(a). (Doc. 1.) The request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

Pursuant to 28 U.S.C. § 1915(b)(1), Mr. Four Star must pay the statutory $350.00 filing fee. Mr. Four Star submitted an account statement from the Bureau of Prisons that indicates he has insufficient funds to pay an initial partial filing fee. This fee will be waived, but Mr. Four Star must make monthly payments of 20% of

1

the preceding month's income credited to his prison trust account. The percentage is set by Congress and cannot be altered. 28 U.S.C. § 1915(b)(2). A separate order will direct the agency having custody of Mr. Four Star to forward payments from his account to the Clerk of Court each time the account balance exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II. STATEMENT OF CASE

### A. Parties

Mr. Four Star is a federal prisoner proceeding without counsel. The named Defendants are: Sean Red Boy, William Mercer, Lori Suek, Michael Cotter, Fort Peck Tribes, Unknown FBI Agent, State of Montana, McCone County, Barry Bighorn, Unknown Great Falls Assistant U.S. Attorney, Dana Christen [sic], an unknown probation officer, and an unknown McCone County Sheriff, Fort Peck Tribal Board members, Roosevelt County, and others who signed the 2001 and 2003 Fort Peck Tribal State Cross Deputization Agreement. (Complaint, Doc. 2 at 1-2.)

### B. Prior Criminal Proceedings

On March 6, 2013, Mr. Four Star was indicted for aggravated sexual abuse. *United States v. Four Star*, 13-CR-00025-GF-DLC, Doc. 1. Mr. Four Star pleaded guilty on June 10, 2013 (*Id.* at Doc. 35.) On September 26, 2013, he was

sentenced to 120 months in the Bureau of Prisons. (*Id*. at Doc. 106). Mr. Four Star filed an appeal with the Ninth Circuit Court of Appeals. The Ninth Circuit affirmed his conviction on December 12, 2014. (*Id*. at Doc. 62). Mr. Four Star has a currently pending Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct his Sentence.

### C. Allegations

Mr. Four Star alleges Defendants violated his rights because in 2001 they entered into an agreement requiring the Fort Peck Tribes to submit more Indian cases per month in Indian Country for federal indictments or risk losing federal funding for Tribal Law and Justice Programs. In addition, Defendants lowered the federal evidentiary threshold for federal indictments of Native Americans from plausible to viable and wrongfully removed material elements from Mr. Four Star's March 7, 2013 federal indictment. Mr. Four Star also alleges that Defendants failed to fully and fairly investigate the federal charges against him. (Complaint, Doc. 2 at 4-8.)

Mr. Four Star also alleges Defendants violated his rights by allowing an unknown McCone County Sheriff to act pursuant to an invalid 2001 and 2003 Fort Peck Tribal State Cross Deputization Agreement and enter the Fort Peck Indian Reservation to question Mr. Four Star. Mr. Four Star alleges that the sheriff did

3

not have jurisdiction to question him and that Mr. Four Star's parents were not present, even though he was a juvenile at the time. (Complaint, Doc. 2 at 9-10.)

### III. SCREENING PURSUANT TO 28 U.S.C. §§ 1915, 1915A

As Mr. Four Star is a prisoner proceeding in forma pauperis, the Court must screen his Complaint under 28 U.S.C. § 1915 and 28 U.S.C. § 1915A. The Court must review a prisoner's complaint and dismiss it or portions thereof before it is served upon the defendants if the complaint is "frivolous," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune." This is that review.

#### A. Standard

A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must set forth "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* A complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (*quoting Bell*, 550 U.S. at 555).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson*, 551 U.S. at 94; *Cf.* Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The Court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Id.* (*quoting Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (*citing Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)).

**B. Analysis**

Mr. Four Star's claims against Judge Christensen and prosecuting attorneys Mike Cotter, William Mercer, Lori Suek, and the unknown U.S. Attorneys are not cognizable. Judges and prosecutors are immune from liability under § 1983 when they are functioning in their official capacities. *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976); *see also Olsen v. Idaho State Bd. of Medicine*, 363 F.3d 916, 922 (9th

Cir. 2004) ("Absolute immunity is generally accorded to judges and prosecutors functioning in their official capacities"); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (holding that judges and prosecutors are immune from liability for damages under § 1983). Where a prosecutor acts within his authority "'in initiating a prosecution and in presenting the state's case,' absolute immunity applies." *Ashelman*, 793 F.2d at 1076 (*quoting Imbler*, 424 U.S. at 431). Mr. Four Star's claims arise out of the Defendants' actions in their official capacities. As such, Defendants Christensen, Cotter, Mercer, Suek, and the unknown U.S. Attorney are entitled to absolute immunity and should be dismissed.

In addition, Mr. Four Star's claims are, in essence, challenges to his criminal convictions and, as such, are barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). In *Heck*, the United States Supreme Court held that "in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal," or otherwise declared invalid, called into question by the issuance of a habeas writ, or expunged. *Id.*

> [W]hen a state prisoner seeks damages in a section 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or

sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed.

*Heck*, 512 U.S. at 487.

A determination in this Court regarding whether any of Mr. Four Star's rights were violated during his criminal proceedings would necessarily imply the invalidity of those convictions. As none of Mr. Four Star's convictions have been reversed, declared invalid, expunged, or called into question, Mr. Four Star's claims are barred by *Heck*.

## IV. CONCLUSION

Judge Christensen and prosecuting attorneys Cotter, Mercer, Suek, and the unknown U.S. Attorneys are entitled to absolute immunity and should be dismissed. In addition, Mr. Four Star's claims are barred by the *Heck* doctrine. These are not defects which could be cured by amendment. Accordingly, the Complaint should be dismissed.

Based upon the foregoing, the Court issues the following:

**ORDER**

1. Mr. Four Star's Motion for Leave to Proceed in forma pauperis (Doc. 1) is **GRANTED**. The Clerk of Court shall waive prepayment of the filing fee.

2. The Clerk shall edit the text of the docket entry for the Complaint to remove the word "LODGED," and the Complaint is deemed filed on February 24, 2015.

3. The Clerk shall serve a copy of this Order upon Mr. Four Star at USP Victorville, P.O. Box 5400, Adelanto, CA 92301.

4. At all times during the pendency of this action, Mr. Four Star must immediately advise the Court and opposing counsel of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Further, the Court issues the following:

### RECOMMENDATIONS

1. Mr. Four Star's Complaint (Doc. 2) should be **DISMISSED**. The Clerk of Court should be directed to close this matter and enter judgment in favor of Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. The

record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

Mr. Four Star may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a) should not be filed until entry of the District Court's final judgment.

DATED this 16th day of March, 2015.

                                        */s/ John T. Johnston*
                                        John T. Johnston
                                        United States Magistrate Judge

---

[1] As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.